USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/28/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
MEHDI GABAYZADEH, :
                                                    Plaintiff, :
: 18 Civ. 3851 (LGS)
            -against- :
: **OPINION AND ORDER**
:
GLOBAL EQUIPMENT AND MACHINERY :
SALES INC., *et al.*, :
                                            Defendants. :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      Pro se Plaintiff Mehdi Gabayzadeh sues Defendants Global Equipment & Machinery Sales, Inc. ("GEMS"), Global Equipment International, LLC ("GEI"), Ronald Feldman, Michael Downing, American Paper Recycling Corporation ("APRC") and Kenneth Golden, alleging claims based on the sale and taking of certain machinery and equipment. Defendants GEMS, GEI and Feldman[1] move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the motion is granted.

**I.    BACKGROUND**

      The summary below is based on allegations in the Complaint. *See Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). On a motion to dismiss, all uncontroverted facts are accepted as true, and all reasonable inferences are drawn in favor of Plaintiff as the party asserting jurisdiction and the non-moving party. *See Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 725 (2d Cir. 2017); *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016).

---

[1] Defendants Downing, APRC and Golden have yet to appear, and it is unclear whether Golden and Downing were properly served.

### A. SATI Copy Paper Machine (Complaint, Part I)

Plaintiff is a businessman who owns several tissue manufacturing corporations and limited liability companies. In 2001, Plaintiff's company Super American Tissue Inc. ("SATI") purchased a copy paper machine from a third party through GEMS -- a brokerage firm that facilitates the purchase and sale of certain manufacturing equipment. Defendants Feldman and Downing were executives at GEMS. Beginning in November 2003, Feldman stored the machine. From April 2005 until September 2016, Plaintiff was incarcerated. In 2005, while Plaintiff was incarcerated, Feldman visited Plaintiff to discuss the stored machine. During the visit, they agreed that GEMS would broker a sale for the machine on Plaintiff's behalf. They further agreed that Feldman would work with Plaintiff's son John, and provide John with a contract of sale when the sale was arranged. John maintained an ongoing relationship with Downing and Feldman throughout Plaintiff's incarceration. Feldman told Plaintiff after his release that the equipment had been sold. Neither John nor Plaintiff ever received the agreed-upon contract of sale or any of the proceeds for the copy paper machine, despite Plaintiff's demands.

### B. Jinglebell Lane Equipment and Machinery (Complaint, Part II)

Between April 2003 and May 2005, Plaintiff directly purchased certain equipment through GEMS, Feldman and Downing. This and other equipment was kept in a warehouse owned by one of Plaintiff's corporate entities, 400 Jinglebell Lane, LLC ("Jinglebell Lane"), located in Coxsackie, New York. Plaintiff purchased this and other equipment so that when he finished serving his sentence, there would be "a company, business and operating equipment available to him."

John used GEMS, Feldman and Downing as brokers to sell some of the Jinglebell Lane equipment -- once in 2007 and then for multiple transactions between March 2012 and October 2013. However, apart from these acknowledged deals, Feldman and Downing stole equipment and machinery from the warehouse using an unauthorized key. The thefts occurred between March 2012 and February 2014 while Plaintiff was incarcerated.

### C. Dean Rewinder Machine (Complaint, Part III)

In 2000, Plaintiff's company Dean Machinery International, Inc. ("Dean") purchased a rewinder machine from a non-party. In 2007, the machine was held as collateral for a debt owed by Plaintiff's son John to Defendant APRC. After this debt was extinguished around September 2016, John attempted to retrieve the machine, but was told that APRC had authorized Defendant GEMS to sell the rewinder machine in South America.

## II. DISCUSSION

The pro se Complaint is construed to include a quasi-contract claim and two claims for conversion -- a quasi-contract claim for the failure to deliver the proceeds from the sale of the copy paper machine owned by SATI (Complaint, Part I), a conversion claim for the theft of equipment and machines housed in Jinglebell Lane's warehouse (Complaint, Part II) and a conversion claim for the unauthorized sale of the rewinder machine possessed by Dean (Complaint, Part III). Although the Complaint couches its claims in fraud, the fraud is "merely incidental" to the heart of Plaintiff's claims -- that Defendants unlawfully took Plaintiff's property and did not perform on a promise. *See Scott v. Fields*, 925 N.Y.S.2d 135, 138 (2d Dep't 2011) (declining to apply fraud's statute of limitations where the fraud was "merely incidental to the negligence cause of action"); *see also D. Penguin Bros. Ltd. v. City Nat'l Bank*, No. 158949/14, 2018 WL 6493548, at *1 (1st Dep't Dec. 11, 2018) (applying fraud's statute of

limitations where "[t]he fraud claim is the gravamen of this case; it is not . . . merely incidental to the conversion claim").

Courts must "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted); *see also Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (internal quotation marks omitted) ("We afford a pro se litigant 'special solicitude' by interpreting a complaint filed pro se to raise the strongest claims that it suggests."). "The policy of liberally construing pro se submissions is driven by the understanding that implicit in the right to self-representation is an obligation . . . of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." *McLeod*, 864 F.3d at 156–57 (internal quotation marks omitted).

### A. Standing

Plaintiff lacks standing to bring the claims premised on the SATI copy paper machine and the Dean rewinder machine (Complaint, Parts 1 and III), but the Complaint sufficiently alleges individual standing for the Jinglebell Lane equipment and machinery theft (Complaint, Part II).

#### 1. Applicable Law of Standing

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it, such as when . . . the plaintiff lacks constitutional standing to bring the action." *Cortland St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (internal quotation marks and citation omitted). Under Article III, "the irreducible constitutional

minimum of standing" contains three elements. *Spokeo, Inc. v. Robins*, 136 S.Ct 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo,* 136 S. Ct. at 1547.

"In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Fountain*, 838 F.3d at 134 (quoting *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)). "It is a long-settled principle that standing cannot be inferred argumentatively from averments in the pleadings, but rather must affirmatively appear in the record." *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231 (1990) (citations and quotation marks omitted); *accord Steinberger v. Lefkowitz*, 634 F. App'x 10, 11 (2d Cir. 2015) (summary order) (internal quotation marks omitted). Therefore, the plaintiff must "'clearly [] allege facts [in his complaint] demonstrating that he is a proper party to invoke judicial resolution of the dispute.'" *Steinberger*, 634 F. App'x at 11 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). Ultimately, "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *McGowan v. United States*, 825 F.3d 118, 125 (2d Cir. 2016) (internal quotation marks omitted).

### 2. SATI Copy Paper Machine and Dean Rewinder Machine (Complaint, Parts I and III)

Regarding the SATI copy paper machine and Dean rewinder machine, the Complaint does not plead facts sufficient to show that Plaintiff has standing to bring these claims because, as pleaded, Plaintiff's alleged injuries were indirect and caused by direct injury to his entities.

5

The Complaint affirmatively states that the machines were purchased by SATI and Dean, not Plaintiff. Even accepting that Plaintiff -- as the owner of the entities -- was injured by the losses described in the Complaint, his injuries "are either direct injuries to the [entities] or indirect injuries flowing from the harm to the [the entities]." *Alphas v. City of New York Bus. Integrity Comm'n*, No. 15 Civ. 03424, 2017 WL 1929544, at *3 (S.D.N.Y. May 9, 2017). "A shareholder -- even the sole shareholder -- does not have standing to assert claims alleging wrongs to the corporation." *Jones v. Niagara Frontier Transp. Auth. (NFTA)*, 836 F.2d 731, 736 (2d Cir. 1987); *accord Alphas*, 2017 WL 1929544, at *3; *see also Ali v. New York City Envtl. Control Bd.*, 670 F. App'x 26, 27 (2d Cir. 2016) (summary order). Plaintiff, as an individual, lacks standing to bring this suit. *See Bingham v. Zolt*, 66 F.3d 553, 561–62 (2d Cir. 1995) ("When the claim is that corporate property has been removed from the corporation, it is the corporation -- having an independent legal identity -- that must seek, on its own or derivatively, to redress its injury. The shareholder in such a case is injured only as a result of the injury to another, *i.e.,* the corporation, and therefore generally lacks standing.").

Plaintiff essentially requests to pierce the corporate veil of his entities -- to disregard the entities' corporate form to allow Plaintiff to proceed in their place. The general principle, however, is that "[w]hile the corporate veil may be pierced for the benefit of those suing a corporation, it will not be pierced in the reverse manner for the benefit of the corporation or its individual shareholders." *Richbell Info. Servs., Inc. v. Jupiter Partners, L.P.*, 765 N.Y.S.2d 575, 590 (1st Dep't 2003); *accord Island Two LLC v. Island One, Inc.*, No. 13 Civ. 02121, 2013 WL 5380216, at *2 (S.D.N.Y. Sept. 26, 2013). Although courts "have recognized an equitable exception in estate cases -- disregarding the separate status of the estate-shareholder and the corporation 'to prevent fraud or to achieve equity,'" *Bingham*, 66 F.3d at 562 (quoting *Musico v.*

6

*Champion Credit Corp.*, 764 F.2d 102, 108–10 (2d Cir.1985)), this is not such a case. For these reasons, Plaintiff lacks standing to pursue what are the entities' claims.

### 3. Jinglebell Lane Equipment and Machinery (Complaint, Part II)

The Complaint pleads sufficient facts to confer standing for Plaintiff to pursue the Jinglebell Lane equipment and machinery theft claim. The Complaint's tendency of failing to distinguish between Plaintiff and his entities puts the question of who owned the Jinglebell Lane equipment at issue. The Complaint states that *Plaintiff* purchased the equipment and machinery. However, the Complaint sometimes refers to Plaintiff's entities as "Plaintiff." *See, e.g.*, Compl. at ¶ 20 ("[T]he City of Parchment required Plaintiff to provide proof of ownership [of the copy paper machine purchased by SATI] to the City and Plaintiff did provide such proof."). Construing the facts in the light most favorable to Plaintiff, the party asserting jurisdiction, it is assumed for the purposes of this motion that Plaintiff owned the equipment and machinery housed at Jinglebell Lane. The Complaint thus pleads standing for Plaintiff, at this juncture, to pursue the claim for theft of the Jinglebell Lane equipment and machinery.

### B. Statute of Limitations -- Jinglebell Lane Equipment and Machinery (Complaint, Part II)

The statute of limitations bars Plaintiff's conversion claim for the theft of the Jinglebell Lane equipment and machinery.

Sitting in diversity, this Court applies New York statute of limitations and tolling law. *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626–27 (2d Cir. 1998); *accord Dist. Attorney of New York Cty. v. Republic of the Philippines*, 307 F. Supp. 3d 171, 199 (S.D.N.Y. 2018). Conversion claims are governed by a three-year statute of limitations. N.Y.C.P.L.R. § 214(3); *Seidenfeld v. Zaltz*, 80 N.Y.S.3d 311, 319 (App. Div. 2018) (Slip Op.) (holding that "[a] cause of action alleging conversion is subject to a three-year statute of limitations"); *see also Murphy v. Morlitz*,

No. 17 Civ. 3236, 2018 WL 4522156, at *2 (2d Cir. Sept. 21, 2018).  Under New York Law, "'accrual [normally] runs from the date the conversion takes place and not from discovery or the exercise of diligence to discover . . . .'" *D'Amico v. First Union Nat. Bank*, 728 N.Y.S.2d 146, 151 (1st Dep't 2001) (alteration in original) (citations omitted); *accord Johnson v. Law Office of Schwartz*, 46 N.Y.S.3d 1, 5 (1st Dep't 2016).

"Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015).  Here the Complaint alleges that the theft occurred at the latest in February 2014.  The Complaint was filed more than three years later, on April 30, 2018.  The Jinglebell Lane equipment and machinery claim is time barred.

Principles of tolling and equitable estoppel do not remedy the late filing of the Jinglebell Lane claim.  "[T]he doctrine of equitable tolling is not available in state causes of action in New York." *Jang Ho Choi v. Beautri Realty Corp.*, 22 N.Y.S.3d 431, 432 (1st Dep't 2016).  Also, under New York law, Plaintiff's imprisonment does not toll the statute of limitations.  *See Lavalliere v. Dep't of Correction of City of New York*, 759 N.Y.S.2d 8, 9 (1st Dep't 2003) ("The statute of limitations was not tolled by plaintiff's incarceration."); *Kelly v. State*, 395 N.Y.S.2d 311, 314–15 (4th Dep't 1977), *aff'd,* 385 N.E.2d 628 (N.Y. 1978), *and overruled on other grounds by Fuoco v. State*, 409 N.Y.S.2d 310 (4th Dep't 1978) (explaining how the New York legislature changed Consolidated Laws of New York 208 to remove imprisonment as an exception that tolls the statute of limitations).

"Courts in New York have the power to apply the 'extraordinary remedy' of equitable estoppel only where it would be unjust to permit a defendant to assert a statute of limitations

defense." *MBI Int'l Holdings Inc. v. Barclays Bank PLC*, 57 N.Y.S.3d 119, 126 (1st Dep't 2017). "In order for equitable estoppel to apply, plaintiffs bear the burden in showing: (1) plaintiffs were 'induced by fraud, misrepresentations or deception to refrain from filing a timely action'; and (2) plaintiffs reasonably relied on defendant's misrepresentations." *Id.* "In order for the doctrine of equitable estoppel to apply, 'a plaintiff may not rely on the same act that forms the basis for the claim -- the later fraudulent misrepresentation must be for the purpose of concealing the former tort.'" *Schrull v. Weis*, 87 N.Y.S.3d 228, 232 (2d Dep't 2018) (quoting *Ross v. Louise Wise Servs., Inc.*, 868 N.E.2d 189, 198 (N.Y. 2007)).

Here, the Complaint fails to allege that Defendants induced Plaintiff to refrain from filing a timely action. When Plaintiff attempted to contact Defendants about his claims, Defendants hung up on Plaintiff, refused to communicate or declined Plaintiff's demands for payment. None of these actions would induce someone to refrain from filing a lawsuit. Equitable estoppel does not apply to toll the statute of limitations.

### C.  Leave to Replead

Plaintiff requests, in the event of dismissal, leave to replead. Leave is granted for Plaintiff to file an amended complaint adding or substituting SATI and Dean as Plaintiffs. They may plead their respective claims regarding the SATI copy paper machine and the Dean rewinder machine. Plaintiff is denied leave to replead the Jinglebell Lane equipment and machinery claim.

Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a). "However, where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999). If Plaintiff were to file an

amended complaint adding SATI as the plaintiff making the copy paper machine claim, and Dean as the plaintiff making the rewinder machine claim (provided SATI and Dean still exist), it appears that these claims would not be futile because, as owners of the machines, SATI and Dean would have standing to assert their claims, for the reasons discussed above.

The claims also would not be futile on statute of limitations grounds if the amended complaint simply repeated the allegations in the current Complaint concerning the SATI copy paper machine and the Dean rewinder machine. Plaintiff's claim stemming from the failure to deliver the proceeds from the SATI copy paper machine sale is construed as a quasi-contract claim, sounding in quantum meruit or unjust enrichment. Such claims are subject to a six-year statute of limitations. N.Y.C.P.L.R. § 213(1), (2); *Ajdler v. Province of Mendoza*, 890 F.3d 95, 99 (2d Cir. 2018); *U.S. Bank Nat'l Ass'n v. Salem*, 81 N.Y.S.3d 583, 584 (2d Dep't 2018) (unjust enrichment claims are subject to a six-year statute of limitations); *Erdheim v. Gelfman*, 757 N.Y.S.2d 320, 322 (2d Dep't 2003) (quantum meruit claims are subject to a six-year statute of limitations). "[T]he six-year limitations period for unjust enrichment accrues upon the occurrence of the wrongful act giving rise to a duty of restitution and not from the time the facts constituting the fraud are discovered." *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 364 (2d Cir. 2013) (internal quotation marks omitted); *accord Williams-Guillaume v. Bank of Am., N.A.*, 14 N.Y.S.3d 466, 469 (2d Dep't 2015). Similarly, "the statute of limitations 'begins to run on a claim for quantum meruit when the final service has been performed.'" *Scott v. Rosenthal*, No. 97 Civ. 2143, 2001 WL 968992, at *8 (S.D.N.Y. Aug. 24, 2001), *aff'd,* 53 F. App'x 137 (2d Cir. 2002). The SATI paper machine claim as currently pleaded would not be dismissed because a claim cannot be barred as untimely unless the complaint clearly shows on its face that the claim is time barred. *See Thea*, 807 F.3d at 501. However, if it turns out in discovery that the SATI

10

copy paper machine was sold before April 30, 2012 (i.e., more than six years before the commencement of this action), the claim could be dismissed later in the litigation.

Plaintiff's claim for the unauthorized sale of the Dean rewinder machine as currently pleaded also would not be dismissed at the pleading stage as untimely. This claim is construed as a conversion claim which, as discussed above, is subject to a three-year statute of limitations. But, if it is later determined that Defendants' theft of the machine occurred before April 30, 2015 (i.e., more than three years before the filing of this action), the claim could be dismissed at that time.

If Plaintiff seeks to add or substitute SATI and Dean as plaintiffs, those entities must be represented by counsel because entities, unlike individuals, may not proceed pro se. *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("It is well established that a layman may not represent a corporation even if the sole shareholder."); *accord Sanchez v. Walentin*, 526 F. App'x 49, 51 (2d Cir. 2013) (summary order) ("[A] layperson may not represent a corporation in which he is the sole shareholder, a limited liability company of which he is the sole member, or a partnership where he is a partner."); *Flaherty*, 540 F.3d at 92 ("[A] sole member of a solely-owned limited liability company not represent it . . . [and] a litigant may not appear *pro se* to pursue a claim that a corporation has assigned to him."); *see also TIC Park Ctr. 9, LLC v. Wojnar*, No. 16 Civ. 4302, 2016 WL 6068136, at *1 n.1 (E.D.N.Y. Oct. 14, 2016) ("a limited liability company . . . may appear in federal court only through a licensed attorney") (alteration in original) (internal quotation marks omitted).

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. The SATI copy paper machine quasi-contract claim (Complaint, Part I) and the Dean rewinder machine sale

11

conversion claim (Complaint, Part III) are dismissed for lack of standing, and the Jinglebell Lane equipment and machinery conversion claim (Complaint, Part II) is dismissed as time barred. Plaintiff's application for leave to file an amended complaint is GRANTED, provided he does so as described above <u>and</u> he retains counsel to represent SATI and Dean. Any such amended complaint must be filed by counsel on behalf of SATI and Dean no later than March 11, 2019.

The Clerk of Court is respectfully directed to close the motion at Docket Number 32.

SO ORDERED.

Dated: January 28, 2019
      New York, New York

                                      **LORNA G. SCHOFIELD**
                                **UNITED STATES DISTRICT JUDGE**