facts alleged in the complaint, documents attached to it or incorporated by reference, and matters subject to judicial notice."). On a motion to dismiss, the complaint's allegations are accepted as true, and all reasonable inferences are drawn in favor of Plaintiff. *See Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 725 (2d Cir. 2017).

### A. Copy Paper Machine Claim (Amended Complaint, Part I)

SATI was a tissue manufacturing company incorporated in Delaware.[1] In 2001, it purchased a copy paper machine from a third-party with the help of GEMS, an entity that brokers the purchase and sale of paper manufacturing equipment. On April 27, 2001, SATI arranged for payment of the machine to be made to GEMS. GEMS at some point changed its name to GEI. The machine SATI purchased is now worth $5 million.

From April 2005 until September 2016, Mehdi was incarcerated. In September 2005, Mehdi and Defendant Feldman, a GEMS executive, orally agreed that GEMS would broker the sale of the copy paper machine for SATI. The two further agreed that Defendant Feldman would work exclusively with Mehdi's son, John Gabayzadeh ("John"), and provide John with a written sales contract. Despite this oral agreement, the written contract never materialized.

After Mehdi's release from prison, he learned on an October 2016 call with Defendant Feldman that the machine had been sold. When Mehdi asked for the proceeds, Defendant Feldman hung up. Since then, Defendants have not provided the proceeds and refuse to

---

[1] Although the Amended Complaint does not state where Plaintiff was incorporated, SATI's records in the Delaware corporation database, which Defendants filed with this motion, show that SATI was incorporated in Delaware. Dkt. Nos. 56-2 & 56-3. A court may take judicial notice of facts recorded in a state's corporation database. *See, e.g., J & J Sports Prod's, Inc. v. Gomez*, No. 18 Civ. 5119, 2019 WL 4744229, at *5 (E.D.N.Y. Sept. 29, 2019); *Chan Ah Wah v. HSBC N. Am. Holdings Inc.,* No. 15 Civ. 8974, 2019 WL 859042, at *1 (S.D.N.Y. Feb. 22, 2019).

communicate with Mehdi. The Amended Complaint alleges that the sale of the copy paper machine was "fraudulent."

### B. Rewinder Claim (Amended Complaint, Part II)

In 2000, SATI purchased a rewinder machine. After SATI rebuilt the machine, a broker appraised the machine to be worth $850,000. In 2007, John gave the machine to American Paper Recycling Corporation ("APRC") to hold temporarily as collateral for a debt that John owed to APRC.[2] When John paid back the debt and asked for the rewinder, APRC executive Kenneth Golden said that he had authorized Defendants to sell the rewinder. Defendants refuse to speak with SATI or Mehdi about the rewinder or to pay them the proceeds from the rewinder's sale. The Amended Complaint alleges a conversion claim for the "theft and subsequent sale" of the rewinder machine.

## II. DISCUSSION

### A. Plaintiff's Capacity to Sue

Plaintiff does not have capacity to bring any of the claims asserted because it is a void corporation under Delaware law. The Amended Complaint therefore is dismissed.

A corporation's "capacity to sue" is determined "by the law under which it is organized." FED. R. CIV. P. 17(b)(2). Plaintiff is a Delaware corporation. SATI does not dispute that it has been a "void" corporation under Delaware law since March 1, 2003, due to its failure to pay corporate taxes. When a corporation is "void[ed]" for nonpayment of taxes, the "powers

---

[2] Plaintiff sought default judgment under the original Complaint against APRC. Default judgment was denied because the Court found ARPC could have meritorious defenses. *See* Dkt. No. 46 at 2. Denial of the default judgment request does not, however, preclude Plaintiff from repleading the rewinder claim against APRC. The Amended Complaint does not include APRC as a party. If Plaintiff has viable allegations against ARPC, Plaintiff may include ARPC in the Second Amended Complaint.

conferred by law upon [such] corporation[s]" are rendered "inoperative," 8 Del. C. § 510, and the corporation's charter is "repealed," *id*. at § 511. Among these "powers" is the corporation's "power to . . . [s]ue and be sued in all courts . . . in its corporate name." *Id*. at § 122(2). A "dissolved" corporation may, however, continue for three years from the time of dissolution to "prosecut[e] and defend[] suits." *Id*. at § 278. But "for litigation commenced after the expiration of that statutory period, a dissolved corporation may act only through a receiver or trustee appointed under § 8 Del. C. 279." *In re Krafft-Murphy Co., Inc*., 82 A.3d 696, 698 (Del. 2013).

When SATI filed the Amended Complaint on March 11, 2019, its power to sue was "inoperative" because it was -- and continues to be -- a "void" corporation. *See* 8 Del. C. § 510. Courts have not resolved whether § 278's three-year grace period for corporations to sue following dissolution also applies to "void" corporations like SATI. *V.E.C. Corp. of Del. v. Hilliard*, No. 10 Civ. 2542, 2011 WL 7101236, at *6 (S.D.N.Y. Dec. 13, 2011) ("Courts interpreting Delaware law disagree as to whether a Delaware corporation whose charter has been forfeited or declared void for failure to pay its franchise taxes is dissolved" within meaning of § 278.) (collecting cases); *see ChinaCast Educ. Corp. v. Chen Zhou Guo*, No. 15 Civ. 5475, 2016 WL 10653269, at *5 (C.D. Cal. Jan. 8, 2016) (collecting cases). Even if the grace period did apply to "void" corporations like SATI, that would not help Plaintiff. SATI was voided on March 1, 2003, and SATI would have had to commence this action by March 2006, which it indisputably did not. Accordingly, the Amended Complaint is dismissed.

**B.     Construction of the Copy Paper Machine Claim**

Although the Amended Complaint describes the sale of the copy paper machine as a "fraud" claim, *SATI I* already ruled that materially similar allegations in the original Complaint stated only a breach of contract or quasi-contract claim:

> The pro se Complaint is construed to include a quasi-contract claim . . . for the failure to deliver the proceeds from the sale of the copy paper machine . . . . Although the Complaint couches its claims in fraud, the fraud is "merely incidental" to the heart of Plaintiff's claims -- that Defendants unlawfully took Plaintiff's property and did not perform on a promise [to pay the proceeds of the property].

*SATI I*, 2019 WL 5880639, at *2 (citing *Scott v. Fields*, 925 N.Y.S.2d 135, 138 (2d Dep't 2011) (declining to apply fraud's statute of limitations where the fraud was "merely incidental to the negligence of causation"); *D. Penguin Bros. Ltd. v. City Nat'l Bank*, No. 158949/13, 2018 WL 6493548, at *1 (1st Dep't Dec. 11, 2018) (applying fraud's statute of limitations where "[t]he fraud claim is the gravamen of this case; it is not . . . merely incidental to the conversation claim.")).[3] The Amended Complaint supplies no additional or different allegations to change the analysis regarding the Copy Paper Machine claim. Accordingly, this claim is construed as a contract or quasi-contract claim.

### C. Dismissal of Ronald Feldman

Even if SATI had capacity to sue, Ronald Feldman is dismissed as a defendant of the Copy Paper Machine claim. The Complaint does not allege facts showing that Defendant Feldman promised that he would pay Plaintiff for reselling the copy machine in his individual capacity. To the extent Defendant Feldman was involved in forming the resale contract, he was acting as an agent of GEMS. "Under New York law, where an individual acts in his capacity as an agent of a disclosed principal, the agent 'will not be personally bound unless there is clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for, or to, that of his principal.'" *Seguros Nuevo Mundo S.A. v. Trousdale*, 670 F. App'x 4, 5 (2d Cir. 2016)

---

[3] New York law governs the claims. Where, as here, the "parties' briefs assume that [a given] state law governs . . . such implied consent . . . is sufficient to establish the applicable choice of law." *Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 31 (2d Cir. 2017) (citation and internal quotation marks omitted).

(summary order) (quoting *Salzman Sign Co. v. Beck*, 176 N.E.2d 74, 76 (N.Y. 1961)); *accord Braun v. CMGI, Inc.,* No. 99 Civ. 12328, 2001 WL 921170, at *12 (S.D.N.Y. Aug. 14, 2001), *aff'd*, 64 F. App'x 301, 303 (2d Cir. 2003) (granting summary judgment on the promissory estoppel claim to the defendant, where there was no clear and explicit evidence of defendant's intention to be personally bound); *It's All Good, Inc. v. Intl. Creative Mgmt., Inc*., No. 94 Civ. 8459, 1995 WL 622511, at *3 (S.D.N.Y. Oct. 24, 1995) (dismissing breach of contract and promissory estoppel claims against defendant-agents where the complaint did not allege that they intended to be personally bound).

### D. Dismissal of GEI

Defendant GEI is dismissed. The Amended Complaint initially proceeds against GEI on a theory that GEI is the same entity as GEMS, because "[u]pon information and belief and at some unknown time, GEMS changed its corporate name to" GEI. However, Plaintiff then concedes in its opposition brief that, as the corporate records filed with the Pennsylvania Department of State show, which Defendants attached to their motion to dismiss, GEI and GEMS are in fact separate entities. Plaintiff's opposition then proceeds on a successor liability theory against GEI: "GEI was not a corporation in existence during the time period" of the Amended Complaint allegations, but it is "a proper Defendant in the within [sic] action as a successor corporation in interest" to GEMS, and GEI "is stilled [sic] owned and controlled by Ron Feldman, who disbanded GEMS in order to avoid liability to Plaintiff." Dkt. No. 59, ¶¶ 117, 124.

Because the Amended Complaint does not plead the successor liability theory, the Court does not consider that theory against GEI. Even if the Amended Complaint had incorporated the opposition brief's new allegations, they are insufficient against GEI, as they only baldly assert

6

that GEI is a successor to GEMS. Although a successor sometimes is liable for a predecessor's malfeasance where "the successor is a mere continuation of the predecessor," a complaint must "plead enough facts for the Court to infer" this relationship exists between the entities. *Martin Hilti Family Tr. v. Knoedler Gallery, LLC*, 137 F. Supp. 3d 430, 456 (S.D.N.Y. 2015) (emphasis added) (internal citations and quotation marks omitted). The Amended Complaint contains no such allegations.

### E. Leave to Replead

Leave to amend should be freely given when justice so requires. FED. R. CIV. P. 15(a). "[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999).

The Amended Complaint is dismissed, but Plaintiff may file a request to replead a Second Amended Complaint ("SAC") within 45 days of this Order, provided Plaintiff files on or before that date proof that SATI has been reinstated and is no longer a "void" corporation under Delaware law. *See V.E.C. Corp. of Del.*, 2011 WL 7101236, at *6 ("[I]t is clear that upon the reinstatement of the corporation [under Delaware law,] it regains the ability to prosecute actions on its behalf and any action taken while its charter was voided is ratified."). To the extent SATI wishes to replead the claims against Ronald Feldman and GEI, the SAC must address the pleading deficiencies identified in this opinion.

If SATI is reinstated and may proceed as a plaintiff, the Copy Paper Machine and Rewinder claims against GEMS and APRC are not futile. Defendants' arguments that these claims are time-barred are rejected at this juncture. "[A] statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint," *Thea v.*

7

*Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015), but the defenses here do not. The Copy Paper Machine claim is subject to New York's six-year statute of limitations for contract or quasi-contract claims, which begins to accrue at the time of breach, and not at the time of discovery of a breach. *See* N.Y. C.P.L.R. §§ 213(1), (2); *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 364 (2d Cir. 2013). Defendants argue that the Amended Complaint concedes that this claim accrued by April 27, 2001, because the Amended Complaint seeks prejudgment interest from this date. According to Defendants, Plaintiff was therefore required to file a claim by April 2007. But this reading of the Amended Complaint is plainly erroneous: April 27, 2001, is the date on which Plaintiff arranged for payment of the copy machine to be made to GEMS. The purported resale agreement in dispute was not even formed until Mehdi and Feldman's conversation in September 2005. The Amended Complaint cannot be read as suggesting that a breach occurred *before* the existence of the contract. The parties are merely disputing from what date prejudgment interest may properly be calculated.

Similarly, Defendants argue that the Amended Complaint concedes that the conversion claim accrued more than three years before the Complaint was filed and is therefore barred under New York's statute of limitations. Conversion claims are subject to a three-year statute of limitations, which begins to run upon the date of conversion. *See* N.Y. C.P.L.R. § 214(3); *Johnson v. Law Office of Schwartz*, 46 N.Y.S.3d 1, 5 (1st Dep't 2016). "[W]here the original possession is lawful, a conversion does not occur until after a demand and refusal to return the property." *Johnson*, 46 N.Y.S.3d at 5. Specifically, Defendant argues that the "Prayer for Relief" in the Amended Complaint seeks damages based on the "possession and theft [of the rewinder which] commenced as of January 1, 2007." However, the Amended Complaint also pleads that John gave the rewinder machine to APRC "[a]t some point in 2007" to hold as debt

collateral.  Then at some later unidentified point, after John transferred the rewinder machine in 2007, ARPC or GEMS allegedly sold the rewinder.  Construing the allegations in a favorable light to Plaintiff, the Amended Complaint does not concede the *conversion* happened by January 1, 2007, but only that the *transfer* of the rewinder to ARPC did.  The conversion itself moreover could not have occurred until Plaintiff demanded return of the rewinder or the proceeds and Defendant refused, which the Amended Complaint alleges occurred in October 2016.  *See Johnson*, 46 N.Y.S.3d at 5.  Consequently, the conversion claim is not untimely on the face of the Amended Complaint.

### III.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.  The Amended Complaint is dismissed because Plaintiff does not have capacity to sue as a void corporation.  Defendants Global Equipment International, LLC and Ron Feldman are dismissed on separate grounds.  Plaintiff's request to replead, due 45 days after this Order or by **January 6, 2020**, shall comprise:  (1) a letter, not to exceed three pages, explaining how the proposed SAC cures pleading deficiencies identified in this Order and *SATI I*, (2) proof of SATI's reinstatement as a Delaware corporation, and (3) a copy of the proposed SAC marked to show changes as compared with the Amended Complaint.

The Clerk of Court is respectfully directed to close Dkt. No. 55.

SO ORDERED.

Dated:  November 21, 2019
    New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE